AARON M. CLEFTON, Esq.  (SBN 318680)
PAUL L. REIN, Esq. (SBN 43053)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ELIZABETH CHAVEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CHAVEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>OHM SHREE LAXMI, LLC,<br><br>            Defendant. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.)*; INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff ELIZABETH CHAVEZ complains of Defendant OHM SHREE LAXMI, LLC, and alleges as follows:

1.      **INTRODUCTION:**  On October 21, 2022, Plaintiff, a paraplegic wheelchair user, stayed with her infant daughter at the Days Inn by Wyndham Hayward Airport located at 450 West A Street, Hayward, California.  When Plaintiff checked into the hotel, Defendant's employee at the front desk assured her that the room she was assigned was an accessible room. However, when Plaintiff entered the room, the room was not accessible.  In fact, the only accessible feature she saw in the restroom was a single grab bar in the tub area.  When Plaintiff attempted to transfer into the bathtub to bathe her young daughter, the grab bar broke loose from

1   the wall causing Plaintiff to fall into the bathtub resulting in painful physical personal injuries for

2   Plaintiff.

3       2.      Luckily Plaintiff had a friend with her who was able to assist her out of the bathtub

4   and to the bed in the hotel room.  However, she had injured her back in the fall which caused her

5   significant and worsening pain throughout the night and detracted from her ability to support and

6   care for her young daughter.  Eventually, Plaintiff had to call her fiancé to pick her up from the

7   hotel and transport her to the hospital.  The discrimination caused her substantial injury, difficulty

8   and embarrassment. Plaintiff suffered the humiliating loss of her federal and state civil rights

9   because the Defendant owners and operators of these particular facilities failed to provide the

10  most basic access for disabled persons.

11      3.      Plaintiff seeks to require Defendant to make these facilities accessible and to enact

12  policies and procedures that ensure that the accessible features at the property are properly

13  maintained.  Plaintiff also seeks compensation for her own personal physical, mental and

14  emotional damages due to the inaccessible and dangerous condition of Defendant's hotel room.

15  In addition to requiring that Defendant's facilities be made more accessible to disabled persons,

16  as required by federal and state laws, Plaintiff seeks compensation for her personal damages, and

17  recovery of statutory attorneys' fees, litigation expenses and costs incurred for bringing this

18  action.

19      4.      Defendant denied disabled Plaintiff ELIZABETH CHAVEZ accessible public

20  facilities, including a compliant accessible hotel room at the Days Inn by Wyndham Hayward

21  Airport.  Plaintiff ELIZABETH CHAVEZ is a "person with a disability" or "physically

22  handicapped person" who requires the use of a wheelchair for mobility.  She is unable to use

23  portions of public facilities which are not accessible to mobility disabled persons.  On or about

24  October 21, 2021, Plaintiff was denied her civil rights to full and equal access at the Days Inn by

25  Wyndham Hayward Airport under both California law and federal law, and continues to have her

26  rights denied, because these facilities were not, and are not now, properly accessible to physically

27  disabled persons, including those who must use a wheelchair or other assistive device for mobility

28  due to the failure of Defendant owners and operators of the facilities to comply with the law.

5.      Plaintiff seeks injunctive relief to require Defendant to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities and to enact policies and procedures that ensure that the accessible features at the facilities are properly maintained.  Plaintiff also seeks recovery of damages for her discriminatory experiences and denial of access and of civil rights, and repair the lack of access which is continuing as a result of Defendant's failure to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

6.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

7.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

8.      **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

9.      **PARTIES:**  Plaintiff was the victim of a random act of gun violence in July of 2019.  She is a qualified physically disabled person who cannot walk due to paraplegia, and who requires use of a wheelchair for locomotion.  She also owns a disabled licensed vehicle which entitles her to park in a properly configured disabled accessible parking space.  She has been issued a California state placard for disabled parking.

10.      Defendant OHM SHREE LAXMI, LLC, is and was the owner, operator, lessor and/or lessee of the subject business, property and buildings at all times relevant to this

1    Complaint.  Plaintiff is informed and believes that the Defendant performed all acts and

2    omissions stated herein and is responsible in some manner for the acts and omissions proximately

3    causing the damages complained of herein.

4         11.    The Days Inn by Wyndham Hayward Airport is a place of "public

5    accommodation" and "business establishment" subject to the requirements of 42 USC

6    section 12181(7)(A) of the Americans with Disabilities Act of 1990; of California Health &

7    Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California

8    Civil Code sections 54 *et seq.*  On information and belief, the Days Inn by Wyndham Hayward

9    Airport and its facilities were built after July 1, 1970, and since then have undergone construction

10   and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled

11   access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to

12   construction and/or alterations since January 26, 1993, to the disabled access requirements of

13   section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or

14   altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also

15   known as the California Building Code.  Further, irrespective of the alteration history, such

16   premises are subject to the "readily achievable" barrier removal requirements of Title III of the

17   Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9). Further,

18   Plaintiff's claims relate to discriminatory policies and practices, as well as encountering

19   architectural barriers, and improvement of those policies and practices is itself readily achievable.

20
21
22

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
**IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

23        12.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

24   the factual allegations contained in Paragraphs 1 through 11, above, and incorporates them herein

25   by reference as if separately repled hereafter.

26        13.    Plaintiff ELIZABETH CHAVEZ and other similarly situated physically disabled

27   persons, including those who require the use of an assistive device for mobility, are unable to use

28   public facilities on a "full and equal" basis unless each such facility is in compliance with the

1   provisions of California Health & Safety Code sections 19955 -19959.  Plaintiff is a member of

2   that portion of the public whose rights are protected by the provisions of Health & Safety Code

3   sections 19955 *et seq.*  Further, Plaintiff is also protected against policy and architectural barrier

4   discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act."

5   "Individuals with disabilities or medical conditions have the same right as the general public to

6   the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical

7   facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public

8   places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full

9   and equal access, as other members of the general public, to accommodations, advantages,

10  facilities . . . places of public accommodation, amusement, or resort, and other places to which the

11  general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA,

12  including but not limited to any violation of 42 USC sections 12182 and 12183, is also

13  incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

14      14.     Title 24, California Code of Regulations, formerly known as the California

15  Administrative Code and now also known as the California Building Code, was in effect at the

16  time of each alteration which, on information and belief, occurred at such public facility since

17  January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

18  each such "alteration, structural repair or addition" was carried out.  On information and belief,

19  Defendant and/or their predecessors in interest carried out new construction and/or alterations,

20  structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

21  been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,

22  structural repairs, and/or additions which triggered access requirements at all relevant portions the

23  Days Inn by Wyndham Hayward Airport, also occurred between July 1, 1970, and December 31,

24  1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations

25  then in effect, pursuant to the incorporated provisions of California Government Code

26  sections 4450 *et seq.*  Further, on information and belief, additions to the building after the initial

27  construction also occurred after January 1, 1972, triggering access requirements per Health and

28  Safety Code section 19959.  Alterations or additions after January 26, 1993 trigger ADA liability

and requirements per 42 USC sections 12182 and 12183 of the ADA.

15.     **FACTUAL STATEMENT**:  On the evening of October 21, 2021, Plaintiff needed a night away from some stress at home.  She called around to local hotels looking one that had an available accessible room.  When she called the Days Inn by Wyndham Hayward Airport, the receptionist she spoke with on the phone told her that there was a designated accessible room available for that night at the hotel.

16.     Plaintiff did not have a credit card to reserve the room, so she immediately got into her car and drove the Days Inn by Wyndham Hayward Airport with her friend and Plaintiff's infant daughter.  When they arrived, Plaintiff parked her vehicle in a designated accessible parking space, wheeled herself up a small curb ramp, and entered the hotel to check in with her daughter and friend.

17.     Plaintiff approached the check-in desk.  She told Defendant's employee that she had just called regarding the accessible room and asked if she could check-in.  Defendant's employee checked Plaintiff in and told her that she would be staying in a designated accessible room on the first floor of the hotel.  Plaintiff paid for the room in cash, so she also had to pay a cash deposit in case of damage to the room.  Once the check-in process was complete, Plaintiff, her daughter and her friend went to room 107 to relax and get some sleep after a stressful day.

18.     When Plaintiff entered room 107, she noticed that the room had very few accessibility features, especially in the restroom.  There were no grab bars near the toilet to assist her in transferring to from her wheelchair to the toilet.  Many of the accessories were out of reach as well.  However, Plaintiff did notice that there was a grab bar near the bathtub.  Plaintiff decided to bathe her daughter before going to bed.  She thought it would help calm her daughter and get her ready to go to sleep.

19.     It is difficult for Plaintiff to bathe her daughter sitting while sitting in her wheelchair.  The easiest way for her to give her a daughter a bath is to be in the tub with her so that it is easy to reach both her daughter and everything she needs to clean her daughter.  Plaintiff began to transfer into the bathtub from her chair using the grab bar, but the grab bar came loose from the wall as Plaintiff was transferring.  Plaintiff fell hard into as she was transferring.  A true

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

and correct photograph of the grab bar in Room 107 after Plaintiff's fall is below:



20.     Plaintiff was stunned after falling into the tub, and although she immediately felt some pain in her back.  She did not realize the extent of her injuries right away.  Plaintiff's friend helped her get back into her chair and then to the bed so that Plaintiff could be with her daughter.

21.     Throughout the course of the night, Plaintiff's back pained worsened significantly.  She had difficulty caring for herself and her daughter during the night.  She had to do everything on the bed, including changing her daughter's diapers and changing her own catheter, because her worsening pain made it difficult and dangerous to transfer from the bed to her wheelchair.[1]

22.     Plaintiff did her best to care for her daughter and herself during the night, but by

---

[1] Due to the lack of grab bars around the toilet, Plaintiff would not have been able to transfer to use the toilet, but even if she does not transfer to the toilet, it is more sanitary for Plaintiff to change her catheter in the restroom.

1  early morning she was in serious pain.  She had been unable to sleep all night due to her back

2  pain.  Plaintiff had to call her fiancé to come and assist her in getting herself and her daughter

3  ready to checkout of the hotel because the back pain she was experiencing as a result of her fall

4  made it impossible for her to do everything independently.

5        23.    Plaintiff checked out of the hotel without mentioning the fall to front desk because

6  she wanted to be sure that she got her deposit back. When they left the hotel, Plaintiff asked her

7  fiancé to drive her to the emergency room so that she could have her back examined and get

8  medication for the pain.

9        24.    Plaintiff's fiancé drove her to Highland Hospital in Oakland.  Plaintiff received

10  treatment in the emergency room, which included a CT of her back and pain management.  She

11  was discharged from the ER with instructions to follow up if her pain worsened.  Plaintiff

12  continued to experience back pain from this incident.

13        25.    This hotel was newly built in 1992, well after both the ADA and California laws

14  required accessible rooms and restrooms in hotels.  Successors in interest are liable for the failure

15  to comply with access laws.  *Lane v. Landmark Theater Corporation*, Case No. 16-cv-06790-

16  BLF, 2020 WL 1976420 at *25-26 (N.D. Cal. Apr. 2020).

17        26.    The above referenced barriers to access are listed without prejudice to Plaintiff

18  citing additional barriers to access by an amended complaint after inspection by Plaintiff's access

19  consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*

20  524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir.

21  2011).  All of these barriers to access render the premises inaccessible to physically disabled

22  persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter

23  when she returns to the premises.  All facilities must be brought into compliance with all

24  applicable federal and state code requirements, according to proof.

25        27.    Further, each and every violation of the Americans with Disabilities Act of 1990

26  also constitutes a separate and distinct violation of California Civil Code section 54(c) and

27  54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to

28  California law, including but not limited to Civil Code sections 54.3 and 55.

28.   **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior, and second-class citizen.  They serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places, including the addition of fully compliant accessible hotel rooms at the Days Inn by Wyndham Hayward Airport.

29.   Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize the Days Inn by Wyndham Hayward Airport and its facilities, and is deterred from further patronage until these facilities are made properly accessible for disabled persons.  Plaintiff intends to return subject premises should she need a place to stay near her home again as the facility was within her budget.  She will return to the subject premises if it is made accessible to her.

30.   The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that she has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that she or other physically disabled persons may encounter in the future.  *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendant, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

31.   Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

9

1   continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained

2   of and to require Defendant to comply forthwith with the applicable statutory requirements

3   relating to access for disabled persons.  Such injunctive relief is provided by California Health &

4   Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further

5   requests that the Court award damages pursuant to Civil Code section 54.3 and other law and

6   attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953,

7   Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as

8   hereinafter prayed for.

9        32.    **DAMAGES:**  As a result of the denial of full and equal access to the described

10  facilities and due to the acts and omissions of Defendant in owning, operating, leasing,

11  constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of

12  her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has

13  suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal

14  injuries, all to her damages per Civil Code section 54.3, including general and statutory damages,

15  as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against

16  Plaintiff on the basis that she was and is physically disabled and unable, because of the

17  architectural and other barriers created and/or maintained by the Defendant in violation of the

18  subject laws, to use the public facilities on a full and equal basis as other persons.  These

19  violations have deterred Plaintiff from returning to attempt to patronize the Days Inn by

20  Wyndham Hayward Airport and will continue to cause her damages each day these barriers to

21  access continue to be present.

22       33.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct,

23  Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

24  statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

25  for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

26  seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

27  provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

28  19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities

accessible to all disabled members of the public, justifying "public interest" attorney fees,

litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure

section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
**SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

34.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

factual allegations contained in Paragraphs 1 through 33 of this Complaint and incorporates them

herein as if separately re-pleaded.

35.     At all times relevant to this complaint, California Civil Code section 51 has

provided that physically disabled persons are free and equal citizens of the state, regardless of

medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter
> what their sex, race, color, religion, ancestry, national origin, *disability, or medical*
> *condition* are entitled to the full and equal accommodations, advantages, facilities,
> privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

36.     California Civil Code section 52 provides that the discrimination by Defendant

against Plaintiff on the basis of her disability constitutes a violation of the general anti-

discrimination provisions of sections 51 and 52.

37.     Each of Defendant's discriminatory acts or omissions constitutes a separate and

distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction
> contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the
> actual damages, and any amount that may be determined by a jury, or a court sitting
> without a jury, up to a maximum of three times the amount of actual damage but in
> no case less than four thousand dollars ($4,000), and any attorney's fees that may
> be determined by the court in addition thereto, suffered by any person denied the
> rights provided in Section 51, 51.5, or 51.6.

38.     Any violation of the Americans with Disabilities Act of 1990 also constitutes a

violation of California Civil Code section 51(f), thus independently justifying an award of

1    damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per

2    Civil Code section 51(f), "A violation of the right of any individual under the Americans with

3    Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

4        39.    The actions and omissions of Defendant as herein alleged constitute a denial of

5    access to and use of the described public facilities by physically disabled persons within the

6    meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendant's

7    action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code

8    sections 51 and 52, and are responsible for statutory, compensatory and treble damages to

9    Plaintiff, according to proof.

10       40.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct,

11   Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

12   statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

13   disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

14   seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

15   provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is

16   intended to require that Defendant make its facilities and policies accessible to all disabled

17   members of the public, justifying "public interest" attorney fees, litigation expenses and costs

18   pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

19   applicable law.

20       WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter

21   stated.

22                    **THIRD CAUSE OF ACTION:**
     **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
23                    **42 USC §§ 12101 *et seq***

24       41.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

25   the allegations contained in Paragraphs 1 through 40 of this Complaint and incorporates them

26   herein as if separately re-pleaded.

27       42.    In 1990 the United States Congress made findings that laws were needed to more

28   fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

43.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

44.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

45.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "inn, hotel, motel, or other place of lodging." 42 USC § 12181(7)(A).

46.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

13

or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

47.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to

14

access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

48.     The ability to stay in an accessible hotel room and not have a grab bar used for transferring to or from a wheelchair come loose from the wall is fundamental to enjoying and using a hotel. Therefore, the benefits of creating these accessible features do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a hotel or motel, such as the costs of as ensuring fire safety. It is thus readily achievable to remove these barriers.

49.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

50.     Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the Days Inn by Wyndham Hayward Airport and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

51.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff ELIZABETH CHAVEZ is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and

1  deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public

2  accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

3  　　　[i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief
   shall include an order to alter facilities to make such facilities readily accessible to

4  　　　and usable by individuals with disabilities to the extent required by this title.  Where
   appropriate, injunctive relief shall also include requiring the provision of an

5  　　　auxiliary aid or service, modification of a policy, or provision of alternative
   methods, to the extent required by this title.

6

7  　　　52.　　　Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil

8  Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to

9  implement the Americans with Disabilities Act of 1990.  Plaintiff ELIZABETH CHAVEZ is a

10 qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to

11 discrimination on the basis of disability in violation of Title III and who has reasonable grounds

12 for believing she will be subjected to such discrimination each time that she may use the property

13 and premises, or attempt to patronize the Days Inn by Wyndham Hayward Airport, in light of

14 Defendant's policies and physical premises barriers.

15 　　　WHEREFORE, Plaintiff requests relief as outlined below.

16 　　　　　　　　　　　　　　　　**PRAYER**

17 　　　Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

18 Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

19 unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless

20 Plaintiff is granted the relief she requests.  Plaintiff and Defendant have an actual controversy and

21 opposing legal positions as to Defendant's violations of the laws of the United States and the

22 State of California. The need for relief is critical because the rights at issue are paramount under

23 the laws of the United States and the State of California.

24 　　　WHEREFORE, Plaintiff ELIZABETH CHAVEZ prays for judgment and the following

25 specific relief against Defendant:

26 　　　1.　　　Issue a preliminary and permanent injunction directing Defendant as current

27 owner, operator, lessor, and/or lessee of the subject property and premises to modify the above

28 described property, premises, policies and related facilities to provide full and equal access to all

persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.      Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.      Award to Plaintiff all appropriate damages, including but not limited to statutory damages, and general damages in amounts within the jurisdiction of the Court, all according to proof;

4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.      Award prejudgment interest pursuant to Civil Code section 3291; and

6.      Grant such other and further relief as this Court may deem just and proper.

Date: April 6, 2022                                    REIN & CLEFTON

                                                       ____/s/ Aaron Clefton____
                                                       By AARON CLEFTON, Esq.
                                                       Attorney for Plaintiff
                                                       ELIZABETH CHAVEZ

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted

Date: April 6, 2022                                    REIN & CLEFTON

                                                       ____/s/ Aaron Clefton____
                                                       By AARON CLEFTON, Esq.
                                                       Attorney for Plaintiff
                                                       ELIZABETH CHAVEZ

17